UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD GREVENSTUK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-47-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Donald Grevenstuk, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 15-08-232) that was held at the Indiana State Prison on September 10, 2015. The Disciplinary Hearing Officer ("DHO") found him guilty of Possessing an Electronic Device in violation of B-207 and sanctioned him with the loss of 60 days earned credit time. Grevenstuk raises only one ground in his petition.

He argues that there was no physical evidence presented during his hearing. When he was screened he requested "All physical evidence." [DE 1 at 5.] Specifically, he wanted the electronic device (a phone charger) he was accused of having possessed. In a prison disciplinary hearing, an inmate has a constitutional right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, Grevenstuk does not explain how having the phone charger at the hearing could have been exculpatory. But more to the point, Grevenstuk knows that it was impossible for the phone charger to have been brought to the hearing. As the Conduct

Report explained, "Offender Grevenstuk (194695) reached on the side of his toilet and grabbed a phone charger and flushed it down the toilet." [DE 1 at 6.] Because the phone charger was gone, it was not a due process violation to have not produced it at the hearing.

Grevenstuk goes on to argue that because the Disciplinary Hearing Officer did not have the phone charger at the hearing, there was no evidence that he ever had a phone charger. However, there was evidence. The Conduct Report was written by the officer who saw him throw it in the toilet and flush it. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal quotation marks and citations omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. It was not arbitrary for the Disciplinary Hearing Officer to have believed that the officer saw Grevenstuk with a phone charger. That is sufficient evidence of his guilt and there is no basis for habeas corpus relief in this case.

For these reasons, the petition is **DENIED** pursuant to Habeas Corpus Rule 4 and the clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: August 5, 2016

    s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**